# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| THALIA RHETT, | Case No.: |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| CAMDEN CITY POLICE DEPARTMENT; And Colin Wetmore #872 and Colleen Doyle #1016 and German Mendoza # 958 and Steven Manthey # 123 and Antonio Gennetta # 357 and Pamela Rigney # 246 and Timothy Miller # 307 and Kimberly Krause and Ursula Piercy | **(Jury trial Demanded)** |
| Defendants. | |

## NATURE OF THE ACTION

Thalia Rhett Plaintiff seeks declaratory, injunctive, and compensatory relief against the named Defendants for violations of her right to privacy. Ms. Rhett is a hard-working officer of the court, and on the day of the incident the sanctity and privacy of her home was shattered by the reckless actions of the defendants when they brought a recently captured fugitive — to her home — so that she could sign papers remanding him into custody. Thus giving a criminal suspect a guided tour directly to her home where her street number is prominently displayed by the door, an in person view of Ms. Rhett herself, and her name on the committal documents. By bringing a criminal suspect to her home, defendants placed Ms. Rhett in danger, not just from the individual in the car, but from every single person he may have spoken with, and given the location of Ms. Rhett's home, while in the Camden county jail.

Privacy laws are in place to protect everyone, but particularly people whose jobs are in the public eye. Ms. Rhett has no such job, which makes her doxxing by Defendants especially

egregious. Ms. Rhett is a Deputy Court Administrator whose job it is to support public facing staff and judges; it is her name that appears on paperwork remanding people into custody. Paperwork that those people receive copies of and pour over for hours out of boredom and spite, and Defendants exposed Ms. Rhett's name, face, home address and vehicle to a group of potentially violent and dangerous criminals. Not just in the county jail, but potentially to every single prisoner in the New Jersey Department of Corrections.

Because of the total violation of her privacy, Ms. Rhett suffered extreme emotional distress, and anxiety. She was unable to perform her job duties for a time and sought the care of a mental health professional to help her deal with the trauma Defendants caused.

## JURISDICTION

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343. This civil action seeks declaratory and injunctive relief under 28 U.S.C. §§ 1343, 2201, and 42 U.S.C. § 1983.

## VENUE

2. Venue is proper under 28 U.S.C. § 1391(b), because the Defendants reside in the District of New Jersey, and because a substantial part or all of the events or omissions giving rise to Plaintiff's claims occurred in the District of New Jersey.

## PARTIES

3. Plaintiff Tahlia Rhett is a Deputy Court Administrator (DCA) for the Camden City Municipal Court. As part of her job duties, she is required to sign committals remanding criminal defendants to jail. When committals need to be signed after ordinary court hours, they are presented to whichever one of the DCA's is on call and available for this purpose at the time. On the day of the incident Ms. Rhett was on call.

4. Colin Wetmore #872, a Camden County Police officer at all times acting under the color of state law and is sued in their individual capacity.

5. Colleen Doyle #1016, a Camden County Police officer at all times acting under the color of state law and is sued in their individual capacity.

6. German Mendoza # 958, a Camden County Police officer at all times acting under the color of state law and is sued in their individual capacity.

7. Steven Manthey # 123, a Camden County Police Lieutenant at all times acting under the color of state law and is sued in their individual capacity.

8. Antonio Gennetta # 357, a Camden County Police Sergeant at all times acting under the color of state law and is sued in their individual capacity.

9. Stephen Baker # 212, a Camden County Police Sergeant at all times acting under the color of state law and is sued in their individual capacity.

10. Pamela Rigney # 246, a Camden County Police Sergeant at all times acting under the color of state law and is sued in their individual capacity.

11. Timothy Miller # 307, a Camden County Police Sergeant at all times acting under the color of state law and is sued in their individual capacity.

12. Kimberly Krause, Camden City Court Administrator at all times acting under the color of state law and is sued in their individual capacity.

13. Ursula Piercy, Camden City Court Director at all times acting under the color of state law and is sued in their individual capacity.

## FACTS

14. Thalia Rhett is an employee of the Camden County Courts, employed as a Deputy Court Administrator (DCA).

15. She has been employed with the County more than 11 years.

16. On the evening of July 13, 2023 Ms. Rhett was on her way home after a long day of work at the Camden County Court.

17. The Camden City court, in conjunction with local law enforcement agencies had enacted a policy and custom of sending officers to the homes of DCA's to obtain signatures on committal forms, used to remand criminal suspects into custody if arrests occurred after normal court hours.

18. This policy was enacted during a time in which the Camden Police and Camden County Prosecutors office had had their computer system hacked, and taken over by ransomware.

19. Rather than accept electronic communications I.E. emails, or faxes, from the Camden police, the Camden Court enacted the scheme to have officers go to the homes of the DCA who was "on call" to obtain signatures.

20. On July 13, 2023 Ms. Rhett was the "on call" DCA.

21. Around 5PM Ms. Rhett received a call from Camden Police indicating that they needed her to sign a committal.

22. Ms. Rhett agreed to meet the officer at her home.

23. Upon arriving home Ms. Rhett parked in front of her house and waited in her car for the police officer to arrive.

24. The officer arrived, parking his marked police vehicle directly in front of Ms. Rhett's personal vehicle, and by extension, home.

25. Ms. Rhett's home is on the corner of intersecting residential streets, set back from the intersection by only a few feet with no fences, hedges or other obstruction between the street and her home.

26. Ms. Rhett's street number was displayed prominently beside her front door.

27. As the officer exited his vehicle and walked towards Ms. Rhett's, she noticed the criminal suspect whose committal she was signing was in the back of the police vehicle.

28. Ms. Rhett immediately became fearful and upset knowing that the criminal suspect now knew exactly where she lived, and also her exact vehicle.

29. She signed the committal in an effort to expedite the process, and get the suspect away from her home as quickly as possib

30. During the process Ms. Rhett asked something to the effect of "do you see how wrong this is to bring him to my house?"

31. On information and belief the officer responded by saying he did not see a problem.

32. The suspect, a wanted fugitive from justice, had been arrested in another jurisdiction, and been picked up by the Camden City Police from that jurisdiction's jail, taken to the Camden County jail, and incredibly—rather than being placed in a cell for safekeeping—was put back in the vehicle for the drive to Ms. Rhett's home.

33. Ms. Rhett's home is less than 10 minutes from the Camden County Jail.

34. Ms. Rhett was traumatized by this incident. Since the event, she has felt angry, scared, and depressed. She has had difficulty in performing some work tasks as they relate to interacting with Camden police.

35. She has had panic attacks at the sight of the type of police vehicle that was driven to her house that day.

36. Defendants' reckless conduct directly and proximately caused Ms Rhett's emotional distress.

37. Since the incident Ms. Rhett has sought out and been under the care of a Psychiatrist, Dr. Gary M. Glass to help her deal with the trauma.

38. Due to a lack of qualified professionals in her area, Ms. Rhett was forced to see Dr. Glass at his office in Egg Harbor Township, a drive of more than an hour each way.

39. The commute to and from Dr. Glass's office added to the overwhelming stress of the situation.

40. The commute to and from Dr. Glass's office put unnecessary wear and tear on Ms. Rhett's car.

### COUNT ONE 42 U.S.C. § 1983
### Fourteenth Amendment, Due Process: Invasion of Privacy

41. The allegations in paragraphs 1-40 are realleged and incorporated by reference as if fully set forth herein.

42. There is some Constitutional privacy interest in home addresses.

43. Defendants invaded Ms. Rhett's privacy when they brought a criminal to her home, but the invasion did not end when the officer took the suspect to the jail.

44. Armed with the knowledge of Ms. Rhett's name, address, physical description and the make, model and color of her car, the criminal suspect was well equipped to provide that information to anyone in the jail who may want to retaliate against Ms. Rhett specifically, or the Court system generally. The suspect could have made it incredibly easy for any revenge-minded person to go to Ms. Rhett's house to harm her or her son; An act not unheard of in New Jersey, by providing his special knowledge to anyone interested.

45. Defendants violated Ms. Rhett's privacy right with no legal justification. There was no government interest in allowing a criminal suspect to learn the location of Ms. Rhett's home.

46. Defendants acted under the color of state law when they violated Ms. Rhett's privacy.

47. The actions of Defendants described herein violated the rights of Ms. Rhett to keep her home address out of the public record as guaranteed by the Fourteenth Amendment of the United States Constitution.

### COUNT II: Fourteenth Amendment, 42 U.S.C. § 1983
### State Created Danger

48. The allegations in paragraphs 1-47 are re-alleged and incorporated by reference as if fully set forth herein.

49. Defendants were acting under color of state law when they endangered Ms. Rhett.

50. The actions of Defendants that day placed Ms. Rhett in danger.

51. There was no legitimate public interest to be served in bringing a criminal suspect to the home of the person who will be signing his commitment order.

52. Defendants affirmatively acted in such a way as to place Ms. Rhett in danger; namely, bringing a criminal suspect to her home.

53. The actions of defendants described herein violated Mr. Rhett's right to Due Process as guaranteed by the Fourteenth amendment of the Constitution of the United States.

**PRAYER FOR RELIEF**

WHEREFORE, Ms. Rhett respectfully requests the following relief:

A. A declaratory judgment that Defendants violated Ms. Rhett's right to be free from invasions of privacy guaranteed by the Fourteenth Amendment of the United States Constitution, and right not to be placed in danger by state actors in violation of the Fourteenth Amendment of the United States Constitution.

B. Compensatory damages, in an amount to be ascertained at trial.

C. Punitive damages, in an amount to be ascertained at trial, for Defendants' intentional and/or willful and wanton conduct described herein.

D. Attorneys' fees, costs, and expenses, pursuant to 42 U.S.C. § 1988.

E. Such other and further relief as this Court may deem just and proper.

1
2
3
4
5
6
7
8  DATED: June 25, 2025
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LENTO LAW GROUP

BY:  s/ Lawrence A Katz, Esq
Counsel for Plaintiff
BEOWULF BUILDING
1814 East Route 70 - Suite 321
Cherry Hill, NJ 08003
Phone: 856.652.2000  EXT 497
Fax: 856.375.1010
lakatz@lentolawgroup.com